UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY A. TAYLOR,

    Petitioner,

v                                                    Case No. 1:04-cv-28

KURT JONES,                                   Hon. Wendell A. Miles

    Respondent.

_____/

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DENYING PETITIONER'S "MOTION TO RELATE BACK"

On October 4, 2006, United States Magistrate Judge Hugh W. Brenneman, Jr. issued a Report and Recommendation ("R & R") recommending that Ricky Taylor's petition for writ of habeas corpus be denied. Petitioner has filed timely objections to the R & R. The court, having reviewed the R & R filed by the United States Magistrate Judge in this action, petitioner's objections, and the relevant portions of the file, agrees with the recommended disposition contained in the R & R.

In his objections, petitioner objects to the Magistrate Judge's conclusion that certain of his claims (I, II.a., II.c., V.a., V.b., and V.c.) are procedurally barred and not subject to habeas review. Apparently recognizing that the doctrine of procedural default applies to these claims because he did not include them in his direct appeal, petitioner seemingly argues that the court should deem his direct appeal to have included each of the defaulted claims. The mechanism on

which petitioner relies to make this argument is Fed.R.Civ.P. 15(c), which provides for the relation back of amendments to pleadings under certain circumstances. Petitioner has also filed a separate "Motion to Relate Back to His Original Pleading" (docket no. 44) in which he argues that Rule 15(c) gives this court the authority to excuse his procedural default.

Fed.R.Civ.P. 15(c) does not apply here. The "original pleading" to which the rule refers is the complaint in an ordinary civil case, and the petition in a habeas proceeding. Mayle v. Felix, 125 S.Ct. 2562, 2569-2570 (2005). Petitioner's direct appeal filed in a state appellate court is not an original federal pleading for purposes of amendment under Fed.R.Civ.P. 15. The Magistrate Judge did not err in his conclusion that the defaulted claims were procedurally barred. Therefore, petitioner's objection is overruled and his "Motion to Relate Back" is **DENIED.**

The remainder of petitioner's objections are without merit, and most do not warrant further discussion, save two: (1) petitioner's objection that the Magistrate Judge erred in concluding that petitioner had failed to demonstrate cause for his procedurally defaulted claim that allowing 13 jurors to deliberate and reach verdict violated his federal due process rights, and (2) petitioner's objection that the Magistrate Judge erred in concluding that his claim based on a "proposed" alibi witness who was allowed to testify in state-issued jail clothing provided no basis for federal habeas relief.

As to petitioner's objection regarding his "proposed" alibi witness being allowed to testify in jail clothing, it is noted that this witness, Carolyn Saunders, was not called by the defense as an alibi witness; instead, she was called by the prosecution to testify on rebuttal. In

addition, the Magistrate Judge correctly concluded that no federal law supports petitioner's claim that permitting this rebuttal witness to testify in jail clothing violated his federal constitutional rights as recognized by the United States Supreme Court.  Therefore, petitioner's objection is without merit.

Petitioner's claim that his federal constitutional rights were violated warrants more discussion.  Although noting that it could not be determined whether 12 or 13 jurors deliberated in petitioner's case, the Magistrate Judge concluded that because there is no federal constitutional right to a jury of 12 persons, petitioner's appellate counsel was not ineffective for failing to raise the 13th juror as an issue on direct appeal.  R & R at 10-11.  Petitioner argues that the Magistrate Judge's conclusion is in error because circuit case law holds that "alternate jurors participating in deliberations is sufficient to establish prejudice[.]" Objection at 5.

Initially, it is noted that the record is indeed ambiguous regarding whether 12 or 13 persons participated in deliberations.  A count (based on the trial transcript) of persons seated and excused suggests that 14 persons were seated, one of whom was later randomly excused as an alternate before deliberations.  However, at one point before the selection of the alternate juror, the trial judge states, "You know that we picked 13 jurors to choose this – at the beginning of this case.  Only 12 of you will deliberate."  Docket no. 23 at 310.  Regardless of whether 12 or 13 jurors deliberated and reached verdict, the Supreme Court has held that "the constitutional guarantee of trial by jury prescribes neither the precise number that can constitute a jury, . . . nor the exact proportion of the jury that must concur in the verdict[.]"  Brown v. Louisiana, 447 U.S.

3

323, 330-331, 100 S.Ct. 2214, 2221 (1980) (citation omitted).  Although the Court has also recognized that "there do exist size and unanimity limits that cannot be transgressed if the essence of the jury trial right is to be maintained[,]" id., petitioner's jury did not transgress any of these recognized limits.

Moreover, regardless of whether 12 or 13 persons participated in deliberations, the record contains no indication that any juror participated either passively or actively in deliberations without joining in reaching a verdict.  Therefore, there is no indication that any "alternate" was present in the jury room.  All of the jurors who participated in deliberations were present throughout the trial and were clearly instructed that they must reach a unanimous verdict.

Habeas relief may only be granted where the state court proceedings resulted in a decision contrary to or unreasonably applying clearly established federal law, as determined by the United States Supreme Court.  28 U.S.C. § 2254(d).  Petitioner's citation to lower federal court case law regarding the participation of alternate jurors in deliberations does not provide a basis for habeas relief.   Because no "alternate" jurors – as that term is known – were present during deliberations, and there is no need for an evidentiary hearing to determine whether alternates who were present in the jury room participated in deliberations.  Cf. United States v. Olano, 507 U.S. 725, 737-738 113 S.Ct. 1770, 1779-1780 (1993) (Although presence of alternate jurors does contravene cardinal principle that deliberations shall remain private and secret, the Court has analyzed outside intrusions upon the jury for prejudicial impact).  Therefore, the Magistrate Judge did not err in concluding that petitioner did not establish cause for his

4

procedural default of this claim.

Petitioner's remaining objections are without merit. Judgment will be entered accordingly.

Entered this 7th day of November, 2006.

                                                    /s/ Wendell A. Miles
                                                 Wendell A. Miles
                                                 Senior U.S. District Judge